UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20128-CIV-LENARD/GOODMAN

**JUAN A. ARANDA GIJON, and**
**all others similarly situated under**
**29 U.S.C. § 216(b),**

    Plaintiffs,

**v.**

**AMERICAN SERVICES INDUSTRIES, INC.,**
**and LEWIS M. ROSSI,**

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ENTRY OF DEFAULT FINAL JUDGMENT (D.E. 46)

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Default Final Judgment, ("Motion," D.E. 16), filed March 17, 2016. Defendants failed to file a Response.

On January 14, 2016, the Court entered an Order dismissing this case without prejudice upon a report from the mediator that the parties had settled their claims. (D.E. 39.) The Order directed the Parties to file a settlement agreement for the Court's approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982). (Id.)

On January 15, 2016, the Parties filed a Joint Motion for Approval of Settlement Agreement and for Dismissal of Action With Prejudice. (D.E. 40.) The Settlement

Agreement originally called for a total settlement sum of $16,000.00, calculated as $6,600 payable to Plaintiff and $9,400 payable to Plaintiff's counsel (representing $6,400 in attorneys' fees and $3,000 in costs). (D.E. 40-1 at 2-3.)

On January 26, 2015, the Court ordered Plaintiff's counsel to submit an affidavit of fees and costs, along with the appropriate attachments. (D.E. 41.)

On February 8, 2016, the Parties filed an Amended Joint Motion for Approval of Settlement Agreement and for Dismissal of Action With Prejudice, to which Plaintiff's counsel attached his affidavit of fees and costs, along with the appropriate attachments. (D.E. 44.) In the Amended Motion, Plaintiff's counsel indicated that his original cost calculation was overstated by $1,095—specifically, Plaintiff's counsel actually incurred $1,905 in costs rather than the $3,000 originally stated. (See id. at 3.) In the Amended Motion, Plaintiff's counsel asked the Court to award as attorneys' fees the $1,095 difference between the costs as originally stated ($3,000) and the costs actually incurred ($1,905), "so that the total amount reflected in the Settlement Agreement allocated to Plaintiff's Counsel remain the same[,]" i.e., $9,400. (Id.)

On February 24, 2016, the Court entered an Order of Dismissal with Prejudice. (D.E. 45.) Therein, it denied Plaintiff's counsel's request to award him in attorneys' fees the $1,095 difference between the costs as originally stated and the costs actually incurred. (Id. at 2.) The Court specifically stated that "[t]he Settlement Agreement is **APPROVED** as modified to reflect $1,905.00 in costs and a total award to Plaintiff's counsel of $8,305.00 (calculated as $6,400 in attorneys' fees and $1,905 in costs)[.]" (Id. at 3.) Although the Court did not explicitly say so, the entire $16,000 settlement sum was

decreased by the overstated $1,095, for a total award of $14,905.[1]  With that modification, the Court approved the Settlement Agreement pursuant to Lynn's Food, 679 F.2d at 1355, dismissed the case with prejudice, and retained jurisdiction to enforce the terms of the settlement.  (Id. at 3.)

Pursuant to the Settlement Agreement, the settlement funds (including those due to Plaintiff's counsel) were to be issued in one gross check to Plaintiff's counsel's client trust account "not later than five (5) business days from the date of execution of [the] Agreement by all Parties."  (D.E. 40-1 at 2.)  The Settlement Agreement further provides that "[i]n the event of a breach, the prevailing party shall be entitled to any fees and costs incurred for reasonable attorneys' fees and costs for collection."  (Id. at 3.)

On March 17, 2016, Plaintiff filed the instant Motion to Enforce Settlement Agreement and for Entry of Default Final Judgment.  (D.E. 46.)  Therein, he requests that the Court enter final default judgment against Defendants in the amount of $16,000.  (Id. at 3.)  He also requests fees and costs related to the Motion and collection efforts.  (Id.)  Defendants failed to respond to the Motion.

"Under federal law, a district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'"  Ford v. Citizens & S. Nat'l Bank, Cartersville, 928 F.2d 1118, 1121 (11th Cir. 1991) (quoting Cia

---

[1] In the Amended Joint Motion for Approval of Settlement Agreement and for Dismissal of Action With Prejudice, Plaintiff's counsel asked the Court to award him in attorneys' fees the $1,095 difference between the costs as originally stated and the costs actually incurred. (D.E. 44 at 3.) He did not ask in the alternative to award the $1,095 difference as damages to Plaintiff.

Anon Venezolana de Navegacion v. Harris, 374 F.2d 33, 36 (5th Cir. 1967)).[2] "'The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract.'" Id. at 1122 (quoting Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989)).

Even though this settlement agreement arose under the FLSA, "state contract law directs our analysis here." Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000) (citing Hayes v. Nat'l Serv. Indus., 196 F.3d 1252, 1254 (11th Cir. 1999)). Under Florida law, "[w]hen the parties entered into the settlement agreement, their rights and duties merged into that agreement and its provisions became binding on the parties and the trial court." M & C Assocs. v. Fla. Dep't of Transp., 682 So. 2d 640, 640 (Fla. Dist. Ct. App. 1996) (citing J. Allen, Inc. v. Castle Floor Covering, Inc., 543 So. 2d 249 (Fla. Dist. Ct. App. 1989)). "An order enforcing a settlement agreement must conform with the terms of the agreement and may not impose terms that were not included in the agreement." Johnson v. Bezner, 910 So. 2d 398, 401 (Fla. Dist. Ct. App. 2005) (citing Spiegel v. H. Allen Holmes, Inc., 834 So. 2d 295 (Fla. Dist. Ct. App. 2003)).

The appropriate remedy for breach of an FLSA settlement agreement is to "enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date." Garcia v. Rambo Sec. Patrol, Inc., No. 08-22303-Civ, 2010 WL 750296, at *3 (S.D. Fla. Mar. 3, 2010). "The entry of a money

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

judgment is the appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money.  The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." Id. (citing Mass. Cas. Ins. Co. v. Forman, 469 F.2d 259, 261 (5th Cir. 1972)).  "Such a judgment is in the nature of a judgment by consent, authorized under the trial court's 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" Id. (quoting Cia Anon, 374 F.2d at 36).

Upon review of the record, the Court finds that Plaintiffs are entitled to Final Judgment in the amount of $14,905.  Defendants failed to tender the Settlement Funds within five (5) days of execution of the Settlement Agreement, as required by Paragraph 2 of the Settlement Agreement.  (D.E. 40-1 at 2.)  Therefore, Defendants breached their duties under the Settlement Agreement and that Plaintiffs are entitled to Final Judgment in the amount of $14,905.00.  See Garcia, 2010 WL 750296, at *3.

The Court further finds that Plaintiffs are entitled to reasonable attorneys' fees and costs associated with collection, as provided for in Paragraph 2 of the Settlement Agreement.  See DiFrancesco v. Home Furniture Liquidators, Inc., No. 06-21709-CIV, 2008 WL 54401, at *5 (S.D. Fla. Jan. 6, 2009) (concluding that "reasonable attorney's fees for collecting a final judgment are available under the FLSA").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Default Final Judgment, (D.E. 16), filed March 17, 2016, is **GRANTED IN PART** consistent with this Order;

2. Pursuant to the jurisdiction the Court retained to enforce the Settlement Agreement, the Court's February 24, 2016 Order of Dismissal With Prejudice (D.E. 45) is **VACATED**;

3. Pursuant to Federal Rule of Civil Procedure 58(a), **FINAL JUDGMENT** will be entered by separate document in favor of Plaintiff Juan A. Aranda and against Defendants America Services Industries, Inc. and Lewis M. Rossi, in the amount of **$14,905.00**;

4. Plaintiff shall have twenty (20) days from the date of this Order in which to file a motion for reasonable attorneys' fees and costs associated with filing the instant Motion and collecting the judgment; and

5. In all other respects, this case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of April, 2016.

*[signature]*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**